## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CARION LANON BRUNER,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    CIV-04-131-R |
| | ) |
| **STEVE BECK, Warden,** | ) |
| | ) |
|     **Respondent.** | ) |

## O R D E R

Before the Court is the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered August 23, 2005. Also before the Court is the Objection to the Report and Recommendation filed by Petitioner Carion Lanon Bruner on September 12, 2005. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews those aspects of the Report and Recommendation to which Petitioner objects *de novo*.

Petitioner generally argues that "the State Statutes under which he was charged, tried, convicted and sentenced are not supported by the evidence at trial or the facts and testimony brought out at his trial." Objection at p. 1. He asserts that at best, based upon the evidence, he should have been charged with nothing more than resisting arrest. He further asserts that he didn't have a firearm in his possession or in his immediate control and wasn't seen with one according to the officers who were present at the time of the incident. He states he was not given a powder residue test to secure physical evidence as should have been done. He also asserts generally that his counsel was ineffective, in part because being charged under two state statutes and being subjected to multiple punishments for a single criminal episode

amounts to a violation of state and federal double jeopardy provisions and a violation of Petitioner's due process rights. Petitioner also includes in his objection a request that the Court appoint him counsel to assist in any further argument.[1]

In his thorough and thoughtful Report and Recommendation, the Magistrate Judge carefully considered and addressed Petitioner's claims that there was insufficient evidence to support his convictions, setting forth the elements of each crime and the evidence which supported those convictions. The Magistrate Judge concluded that when that evidence was viewed in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crimes of assault with a dangerous weapon with intent to injure and possession of a firearm after former conviction of a felony beyond a reasonable doubt. *See* Report and Recommendation at p. 20. *See also id*. at 15, quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court fully concurs in the Magistrate Judge's assessment of the evidence and conclusion, and adds that neither a gun powder residue test of Petitioner's hands nor eyewitness testimony placing Lt. May's gun in Petitioner's hands was necessary for a rational fact finder to find the essential elements of the conviction offenses beyond a reasonable doubt.

Petitioner has not previously in the state courts or in this Court asserted a claim for double jeopardy or that his counsel was ineffective by allowing him to be placed in double jeopardy by being subjected to multiple charges and/or punishments for the same criminal

---

[1] Petitioner's request for appointment of counsel is DENIED as unnecessary.

episode or event. Because these claims were not presented to the Oklahoma state courts and those courts would now find these claims procedurally barred, federal habeas review of these claims is barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640, 659 n. 1 (1991); *Jones v. Gibson*, 206 F.3d 946, 954-55 (10th Cir. 2000), *cert. denied*, 459 U.S. 1155, 103 S.Ct. 799, 74 L.Ed.2d 1002 (1983). Even if the Court treated Petitioner's claim for ineffective assistance of counsel as cause for failing to raise his double jeopardy claim in the state courts, Petitioner cannot demonstrate prejudice because the double jeopardy claim is wholly without merit, as evidenced by the elements of the crimes for which Petitioner was charged, convicted and punished set out in the Report and Recommendation at p. 16. *See United States v. Morris*, 247 F.3d 1080, 1083 (10th Cir. 2001) (no double jeopardy occurs where a person is prosecuted for more than one crime based on the same conduct if each crime requires proof of a fact that the other does not); *McElmurry v. State*, 60 P.3d 4, 24 (Okla. Crim. App. 2002) (Oklahoma now exclusively applies the *Blockburger*[2] test for double jeopardy, under which two crimes are not the same crime for double jeopardy purposes if both crimes require proof of an element not required by the other).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Carion Lanon Bruner for a writ of habeas corpus is DENIED.

---

[2]*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306 (1932).

IT IS SO ORDERED this 22nd day of September, 2005

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE